IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

| | | |
|---|---|---|
| ANTONIO ROBINSON<br>ADC #108305 | | PLAINTIFF |
| V. | 5:07CV00243 JLH/JTR | |
| DR. JAMES BLACKMAN,<br>Cummins Unit, ADC, et al. | | DEFENDANTS |

**ORDER**

Plaintiff, who is currently incarcerated at the Cummins Unit of the Arkansas Department of Correction, has filed a *pro se*[1] § 1983 Complaint and an Application to Proceed *In Forma Pauperis*. *See* docket entries #1 and #2. For the reasons set forth herein, Plaintiff will be given thirty days to file prison trust fund calculation sheets and an Amended Complaint.

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

Plaintiff is further notified of 28 U.S.C. § 1915(g), which provides that a prisoner may not proceed with a civil suit *in forma pauperis* "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Dismissal pursuant to Local Rule 5.5(c)(2) or Fed. R. Civ. P. 41(b) (providing that a court may *sua sponte* dismiss a case for the "failure of the plaintiff to prosecute or to comply with these rules or any order of the court) may be treated as a dismissal for filing a frivolous action, and thus a "strike," within the meaning of 28 U.S.C. § 1915(g). In contrast, a dismissal pursuant to a motion for voluntary dismissal <u>will not</u> be treated as a strike. Therefore, if at some stage in this litigation, Plaintiff elects not to continue prosecuting this action, he should file a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a).

### I. Application to Proceed *In Forma Pauperis*

The Prison Litigation Reform Act provides that a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). **If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350 filing fee will be collected and no portion of this filing fee will be refunded to the prisoner.**

Plaintiff has filed an Application to Proceed *In Forma Pauperis*, but not prison trust fund calculation sheets which disclose his average monthly balance and average monthly deposits. *See* docket entry #1, attachment. The Court must know this information before assessing an initial partial filing fee. *See* 28 U.S.C. § 1915(3)(b)(1). Accordingly, the Court will direct the Clerk to provide Plaintiff with prison trust fund calculation sheets, which he must have completed <u>by an authorized official at the incarcerating facility</u>.

### II. Screening

The PLRA also requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or

malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In his Complaint, Plaintiff states that Defendants Dr. James Blackman and Nurse Barbara Collins denied him adequate medical care after he was beaten in the head with two padlocks by a fellow inmate. *See* docket entry #2. Plaintiff's only allegation against Defendant Nurse Chance is that she escorted him to the infirmary. *Id.* Additionally, he has not raised any allegations against Defendants Nurses Mosely, Wiese, and Shirey. Accordingly, the Court will give Plaintiff thirty days to file an Amended Complaint specifying how Defendants Chance, Mosely, Wiese, and Shirey were each involved in the alleged inadequate medical care he received for his head injuries.

### III. Request for Appointment of Counsel

Finally, Plaintiff's Complaint includes a request for appointment of counsel. *See* docket entry #2. It is well settled that a *pro se* litigant has no statutory or constitutional right to have counsel appointed in a civil case. *Phillips v. Jasper County Jail*, 437 F.3d 791, 794 (8th Cir. 2006); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998). However, the Court may, in its discretion, appoint counsel for a *pro se* prisoner if it is convinced that he has stated a non-frivolous claim and that "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Johnson v. Williams*, 788 F.2d 1319, 1322 (8th Cir. 1986). In making this determination, the Court must weigh and consider the following factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. *Phillips*, 437 F.3d at 794. "These factors are 'by no means an exclusive checklist,' and the weight to be given any one factor will vary with each case." *Johnson,* 788 F.2d at 1323.

Plaintiff's claims are not legally or factually complex. Furthermore, it appears from the record that Plaintiff is capable of presenting his claims without the benefit of appointed counsel. Under the circumstances, the Court concludes that the pertinent factors do not weigh in favor of appointment of counsel.

### IV. Conclusion

IT IS THEREFORE ORDERED THAT:

1. The Clerk is directed to send Plaintiff prison trust fund calculation sheets.

2. Plaintiff shall file the prison trust fund calculation sheets, which have been properly completed by an authorized prison official at the incarcerating facility, **within thirty days of the entry of this Order.**

3. Plaintiff shall file an Amended Complaint, containing the information specified herein, **within thirty days of the entry of this Order.**

4. Plaintiff's request for the appointment of counsel is DENIED.

5. Plaintiff is reminded, as specified in footnote 1, that the failure to timely and properly comply with this Order will result in the dismissal of this case, without prejudice, pursuant to Local Rule 5.5(c)(2).

6. Service is not appropriate at this time.

Dated this 20th day of September, 2007.

_____
UNITED STATES MAGISTRATE JUDGE