**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

| | | |
|---|---|---|
| ANTONIO ROBINSON<br>ADC #108305 | | PLAINTIFF |
| v. | No. 5:07CV00243 JLH/JTR | |
| DR. JAMES BLACKMAN,<br>Cummins Unit, ADC, *et al*. | | DEFENDANTS |

**ORDER OF DISMISSAL**

Plaintiff, Antonio Robinson, who is currently incarcerated at the Cummins Unit of the Arkansas Department of Correction, has commenced this *pro se* § 1983 action alleging that Defendants are violating his constitutional rights. *See* docket entries #2 and #6. On September 20, 2007, the Court entered an Order giving Plaintiff thirty days to file: (1) prison trust fund calculation sheets that had been fully and properly completed by an authorized official at the Cummins Unit; and (2) an Amended Complaint "specifying how Defendants Chance, Mosely, Wiese, and Shirey were <u>each</u> involved in the alleged inadequate medical care he received for his head injuries."[1] *See* docket entry #3 at 3 (emphasis in the original). Importantly, the Court advised Plaintiff that the failure to timely and properly do so would result in the dismissal of his case, without prejudice, pursuant to Local Rule 5.5(c)(2).[2] *Id.*

---

[1] The Court provided Plaintiff with the prison trust fund calculation sheets and explained to him that his *In Forma Pauperis* Application could not be decided without the information provided on those forms. The Court also explained to Plaintiff that it could not complete the screening function mandated by 28 U.S.C. § 1915A without the specific information requested in the Amended Complaint. *See* docket entry #3.

[2] Local Rule 5.5(c)(2) provides that: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and

On October 18, 2007, Plaintiff filed an Amended Complaint that generally described his inadequate medical care claim but did not specify how Defendants Chance, Mosely, Wiese, and Shirey were each involved. *See* docket entry #6. Additionally, on October 23, 2007, Plaintiff filed blank prison trust fund calculation sheets that have not been completed by an authorized official at the Cummins Unit. *See* docket entry #7. Plaintiff's filings do not comply with the Court's September 20, 2007 Order, and the time for doing so has expired.

IT IS THEREFORE ORDERED THAT:

1. Pursuant to Local Rule 5.5(c)(2), this case is DISMISSED, WITHOUT PREJUDICE, due to Plaintiff's failure to timely and properly comply with the Court's September 20, 2007 Order (docket entry #3).

2. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order of Dismissal and the accompanying Judgment would not be taken in good faith.

3. Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) and Motion for a Preliminary Injunction (docket entry #5) are DENIED AS MOOT.

Dated this 26th day of October, 2007.

*[signature: J. Leon Holmes]*
UNITED STATES DISTRICT JUDGE

---

telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure." (Emphasis added.)